IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKE EMKE | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | |
| COMPANA LLC, JEFF BARON, AND | § | 3:06-CV-1416 |
| SECURA GMBH | § | |
| | § | ECF |
| Defendant. | § | |

### DEFENDANTS COMPANA LLC AND JEFF BARON'S MOTION TO CONTINUE FOR PURPOSES OF DISCOVERY AND TO EXTEND TIME FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO DENY PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants Compana LLC ("Compana") and Jeff Baron ("Baron"), by and through their attorney, Daniel G. Altman of SHRULL ALTMAN LLP, hereby file this Motion to Continue for Purposes of Discovery and to Extend Time for Defendants' Response to Plaintiff's Cross-Motion for Summary Judgment or, in the alternative, to Deny Plaintiff Mike Emke's ("Emke") Cross-Motion for Summary Judgment.

### I. INTRODUCTION

Defendants believe that Emke's Cross-Motion for Summary Judgment is premature as there is no evidence as envisioned by Fed. R. Civ. P. 56(c) before this court absent Mike Emke's Affidavit submitted in support of Emke's Cross-Motion for Summary Judgment. Defendants Compana and Baron request that this court, pursuant to Fed. R. Civ. P. 56(f), deny Emke's

motion or, in the alternative, order a continuance to allow discovery to be had and for cause would show the following.

## II. FEDERAL RULE OF CIVIL PROCEDURE 56(C)

Fed. R. Civ. P. 56(c) states that if a Motion for Summary Judgment is filed, the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The plain language of Fed. R. Civ. P. 56(c) is instructive as to the nature and type of evidence upon which a court must rely in deciding whether to grant or deny a Motion for Summary Judgment. Such evidence includes depositions, interrogatories, and admissions. There is no such evidence before this Court and, as such, highlights the premature nature of Emke's cross-motion. "Accordingly, because in the absence of a waiver, summary judgment is appropriate only after plaintiff has had a full opportunity to conduct discovery, we conclude that it was premature for the district court to dismiss the case against Petra and PIBC without first permitting discovery on the merits." *First Chicago Intern. v. United Exchange Co., Ltd.* 836 F.2d 1375, 1381 (D.C.Cir. 1988).

Defendants Compana and Baron do not deny that Emke is entitled to file such a motion but that this case is insufficiently developed and for that reason Emke's cross-motion must be denied.

## III. FEDERAL RULE OF CIVIL PROCEDURE 56(F)

In order to meet the standard for continuance under 56(f) "a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of

material fact." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993)(italics in original).

Emke argues in his cross-motion that this case turns on one undisputed fact – that he never abandoned his property right in the domain name <servers.com> ("domain name"). Defendants Compana and Baron do dispute this fact but currently lack the evidence necessary to rebut Emke's claim as made in his affidavit in support of his cross-motion for summary judgment.

What is undisputed is that the domain name <servers.com> was made available for registration by Network Solutions. What is also undisputed is that the domain name was registered by Secura, an ICANN accredited registrar in Germany. What is also undisputed is that Defendant Compana obtained the domain name from Secura.

What is unclear, and critical to Emke's claim, is how or why Network Solutions made the domain name available for registration if, as Emke asserts, the domain name was wrongfully taken from him. It is also unclear whether the domain name was properly taken from Emke by Network Solutions for failure to comply with its policies or whether Emke simply failed to renew the domain name and allowed it to lapse. Upon information and belief, Defendants Compana and Baron believe that before any domain name is either deleted or allowed to lapse and made available for registration by Network Solutions, the holder of the domain name is contacted and given ample opportunity to either correct any misinformation in its registration information or a chance to re-register a domain name even after the official expiration date has passed.

Defendants Compana and Baron have, by means of a subpoena, requested any and all records regarding Emke's registration of the <servers.com> domain name from Network Solutions in Virginia. Defendants have been in contact with counsel for Network Solutions to facilitate the obtaining of such records. As of the due date for the response to Emke's cross-motion under local rule 7.1(e), such records have not yet been received by Defendants Compana

and Baron. Defendants Compana and Baron believe that these records will contain correspondence directed to and received from Emke and can show why the domain name was made available for registration by others.

This information is critical to both Emke's claim of lack of intent to abandon his property rights in the domain name and to Emke's conversion claim. If, as Defendants Compana and Baron believe, Emke was given ample notice by Network Solutions that he either a) needed to correct any defects in his registration information, or b) was in breach of any of Network Solutions' policies, or c) needed to renew the domain name, and failed to respond to said notice or failed to take any action required by Network Solutions, then Emke's abandonment claim would fail as his failure to respond to Network Solutions would create a genuine issue of material fact on whether Emke had the intent to abandon his property. Emke's conversion claim would then also fail as Network Solutions actions would show as a genuine issue of material fact that its dealings with Emke were contractual in nature and the domain name was not "lost" in the sense Emke claims.

## IV. RELIEF SOUGHT

For such reasons, Defendants Compana and Baron ask this court to deny Emke's motion or, in the alternative, order a continuance to allow such discovery to be had under Fed. R. Civ. P. 56(f).

Respectfully Submitted,

*/s/ Daniel G. Altman*
Daniel G. Altman
Texas Bar No. 00793255
SHRULL ALTMAN LLP
1701 River Run, Suite 1116
Fort Worth, Texas 76107
(817) 336-3925
(817) 336-2124 (FAX)

**Attorney for Defendants Compana LLC and Jeff Baron**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 27th, 2006, I conferred with Molly Buck Richard, counsel for Plaintiff on this matter related to the need for an extension of time to conduct discovery. On October 30, 2006, she informed and Eric Grimm informed me that Plaintiff is opposed to the relief sought in this Motion.

/s/ Daniel G. Altman
**Daniel G. Altman**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Motion to Continue for Purposes of Discovery and to Extend Time for Defendants' Response to Plaintiff's Cross-Motion for Summary Judgment or, in the alternative, to Deny Plaintiff Cross-Motion for Summary Judgment was served on October 31, 2006 on the following counsel of record in the manner shown below:

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Molly B. Richard
Richard Law Group
8411 Preston Road, Suite 890
Dallas, Texas 75225

Eric C. Grimm
Calligaro & Meyering, PC
20600 Eureka Road, Suite 900
Taylor, MI 48180

/s/ Daniel G. Altman
**Daniel G. Altman**