IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MIKE EMKE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 3:06-CV-1416-O (BH) |
| | § | |
| **COMPANA LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Order*, filed September 22, 2008, this matter was referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for the issuance of proposed findings and recommendation to the District Court. Before the Court is *Plaintiff Mike Emke's Motion to Transfer Venue to the Northern District of California* (docket #46), filed July 31, 2008. Defendant filed a response and appendix in support on November 10, 2008. Plaintiff filed a reply on November 19, 2008. Having reviewed the pertinent filings and the law applicable to the issues raised, the Court finds that Plaintiff's *Motion to Transfer Venue* should be **DENIED**.

## I. BACKGROUND

### A.    Factual

This case centers on a dispute over who has superior rights to the Internet domain name <servers.com>. Plaintiff Mike Emke ("Emke") alleges that he has owned the rights to the domain name <servers.com> since August 11, 2000, and that he has never expressed any intention to abandon it. Compana LLC ("Compana") asserts that it registered the domain name <servers.com>

on January 19, 2003, with Secura GmbH ("Secura"), an ICANN- accredited registrar, when it became publicly available. Thereafter, a legal dispute ensued concerning Compana's registration of the domain.

**B.     Procedural**

The present action is at least the third lawsuit between the parties. In 2003, Campana filed suit in this court. *See Compana v. Emke and Emke & Assocs.*, 3:03-CV-2372-M (N.D. Tex., filed Oct. 10, 2003) (the "2003 case"). The defendants in the 2003 case filed a motion to dismiss, which was referred to a United States Magistrate Judge for findings and recommendation. On September 15, 2004, the Magistrate Judge recommended that the case be dismissed without prejudice for lack of personal jurisdiction. (2003 case, docket #13). Compana filed a Notice of Dismissal without Prejudice before the District Judge ruled on the findings and recommendation, and the District Judge dismissed the case without prejudice on November 29, 2004. (2003 case, docket #31).

Compana brought a second lawsuit in the 95th Judicial District of Dallas County, Texas, on December 10, 2004, against Mike Emke d/b/a Domain Names, Inc. and Idomain.com, Inc. Compana asserted claims for declaratory judgment, slander of title, and tortious interference with prospective business relations. Emke removed the state case to this court on February 10, 2005. *See Compana LLC v. Emke et al.*, 3:05-CV-0285-L (the "2005 case"). Compana moved to remand the case to state court. (2005 case, docket #4). On September 14, 2007, the Court granted the motion and remanded the case to the 95th Judicial District court. (2005 case, docket #45).

While the 2005 case was pending in this Court, on July 19, 2005, Plaintiff Mike Emke filed suit against Defendants Compana, Jeff Baron, and Secura GmbH in the District of Nevada. The live pleading, the First Amended Complaint filed on July 20, 2005, alleges claims of conversion of

personal property and cybersquatting in violation of 15 U.S.C. § 1125(d). (Docket #3, at 11-13) (hereinafter, "Compl."). On October 7, 2005, Defendants Compana and Baron filed a Motion to Dismiss or, Alternatively, Transfer to the Northern District of Texas. Defendants argued that the "first-to-file" rule required the transfer of the case because two other cases involving the parties had been filed in this court, one of which was still pending. On July 31, 2006, the Court in Nevada granted Defendants' motion and transferred the case to this Court pursuant to 28 U.S.C. § 1404(a). (Docket #16). Defendant Secura GmbH was dismissed without prejudice on January 8, 2007, pursuant to Plaintiff's Notice of Dismissal. (Docket #37). Defendant Jeff Baron was dismissed with prejudice by court order on September 25, 2007, for plaintiff's failure to state a claim upon which relief could be granted. (Docket #40). Compana is the lone remaining defendant in this action.

On July 31, 2008, Emke filed a motion to transfer venue to the Northern District of California or, in the alternative, to the District of Nevada, pursuant to 28 U.S.C. § 1404(a). After a response and reply, the issue is ripe for review.

## II. ANALYSIS

A.    **Legal Standard**

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As a threshold matter, the language of § 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Once this threshold has been met, the court must then consider a number of private and public interest factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served

by transfer to a different forum. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter *In re Volkswagen II*). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *In re Volkswagen I*] (citing *Piper Aircraft Co. v. Hartzell Propeller, Inc.*, 454 U.S. 235, 241 n.6). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. "The moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate." *Bank One*, *N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 812 (N.D. Tex. 2002) (Fitzwater, J.). Additionally, the court may not transfer a case where the result is merely to shift inconvenience of the venue from one party to the other. *Fowler v. Broussard*, 2001 WL 184237, *2 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.)

## B.    Proposed Transferee District

As a threshold matter, the Court must determine whether the proposed transferee district is one in which the suit might have been brought. *In re Horseshoe Entm't*, 337 F.3d at 433. Emke proposes to transfer this case to the Northern District of California. (Mot. at 1-3). Compana contends that venue is not proper in that district. (Resp. at 11-13).

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. (*See* Compl. at 10-11, ¶¶ 73-76). When a civil action is not founded solely on diversity of

citizenship, venue is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  As the movant, Emke bears the burden of establishing by a preponderance of the evidence that the proposed transferee district is a proper venue for this suit.  *Bank One*, 211 F.Supp.2d a 812.

Emke contends that California "is clearly and unmistakably a venue in which the case 'could have been brought' (because Compana clearly can be sued and subjected to jurisdiction in California)."  (Mot. at 3).  To support this assertion, he alleges that: (1) he is a resident of California; (2) California law governs the case; (3) the situs of the property (the domain name <servers.com>) is in Fortuna, California; (4) Compana transacts business in California; (5) the majority of the witnesses are California residents; and (6) Compana filed suit in California in other cases.  (Mot. at 1-3).

With regards to the first allegation, Emke's personal residence has no bearing on Compana's residence, and he offers no explanation or supporting case law for how his personal residence pertains to the events or omissions giving rise to his claim.  Emke's second allegation (that California law governs the case) is based upon a previous ruling in a motion for judgment on the pleadings that California law applied to the conversion claim because California was the state with the most significant relationship to the controversy.[1]  *Emke v. Compana LLC*, 2007 WL 2781661,

---

[1]  The District Court only determined that California law governs the conversion claim, not the entire case. *Emke v. Compana LLC*, 2007 WL 2781661, at *5 (N.D. Tex. Sep. 25, 2007) (Lindsay, J.).  Emke's other claim, cybersquatting, arises under federal law.  (*See* Compl. at 12-13) (citing 15 U.S.C. § 1125(d)).

at *5 (N.D. Tex. Sep. 25, 2007) (Lindsay, J.). This decision was based upon the pleadings alone and

viewed the facts in the light most favorable to Emke, the non-movant in that motion. *See id*. at *2-3

(citing *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.

1991) (Rule 12(c) motion is reviewed under same standard as a Rule 12(b)(6) motion to dismiss).

In a motion to transfer venue, the Court does not accept all allegations as true. To the contrary, the

movant must present evidence to show that a transfer is appropriate. *Bank One*, 211 F.Supp.2d at

812. Emke presented no evidence at all, much less any that shows California is the state with the

most significant relationship to the controversy and that California law applies. (*See* Mot. at 1-3).

Additionally, discovery conducted subsequent to the District Court's September 25, 2007 order casts

doubt upon this assertion, since many of the events occurred in Texas and Virginia. (*See e.g.*, Resp.

App. at 3, 7-9, 33-34). The four remaining allegations, if true, might be helpful in determining

whether the Northern District of California has personal jurisdiction over Defendant and thus

whether venue is appropriate in that district. Emke, however, failed to present any evidence to

support these allegations.[2] (*See* Mot. at 1-3). Without any evidence to support his allegations, Emke

has not met his burden to establish that venue is proper in the Northern District of California. *Bank*

*One*, 211 F.Supp.2d at 812.

The Court finds that Emke failed to meet his burden to show that the Northern District of

California is a district in which the suit might have been brought. *In re Horseshoe Entm't*, 337 F.3d

at 433. Since Emke failed to meet the threshold requirement, the Court need not consider the public

---

[2] Emke is not alone in his failure to provide evidence. Compana relies heavily upon an affidavit by Jeff
Baron to support its argument that the proposed transferee district is improper (Resp. App. at 12-13) (citing to Resp.
App. at 62-63), but this affidavit was not included in the appendix filed with the Court. (*See* Resp. App. ) (ending on
page 61). It is Emke's burden, however, to show that the motion transfer should be granted, so Compana's failure to
include this piece of evidence does not impact the Court's decision.

and private interest factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to the Northern District of California. *In re Volkswagen II*, 545 F.3d at 315. The motion to transfer this case to the Northern District of California should be denied.

**C.      Return to Transferor District**

In the alternative, Emke proposes to return this action to the District of Nevada. (Mot. at 1).

When a motion to transfer is granted and the case is transferred to another district, "the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" *In Re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (quoting *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir.1961)). The transferee court, however, is not powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event. *Id*. (citing 15 WRIGHT & MILLER, FED. PRACTICE & PROCEDURE § 3846 (1976)). "When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court." *Id*.

Emke's alternative motion is interspersed among his arguments for transfer to California. (*See* Mot.). Essentially, he contends that the rationale for the transfer from Nevada no longer applies because the 2005 case is no longer pending in federal court in Texas. (*See* Mot. at 1-2, 5; Resp. at 2). According to Emke, this "changed circumstance" warrants return to the transferor court. *See id*. While the July 31, 2006 order transferring the case from Nevada to this Court was based in part on the 2005 case pending in this district at the time, the conservation of judicial resources and

consolidation of the two cases was not the sole basis for his order. The transferor court also considered Emke's choice of forum, the location of witnesses, and the location of documentary evidence. (Docket #16, at 4). Emke presented no evidence that any of these three additional considerations have changed since the transfer. Moreover, this Court's remand of the 2005 case to state court was a foreseeable event, given that Compana opposed removal to federal court in the first place. In fact, Compana filed a motion to remand the case on March 3, 2005, less than a month after removal and more than 18 months prior to the transferor court's order. (2005 case, docket #4).

In sum, Emke presented no evidence of "impelling and unusual circumstances" warranting return to the transferor district, nor did he show that the transferor court's decision was "manifestly erroneous." The Court therefore recommends that the motion to transfer this action to the District of Nevada be denied. *In Re Cragar*, 706 F.2d at 505; *KPR, Inc. v. C&F Packing, Co., Inc.*, 1993 WL 726236, at *6 (S.D. Tex. Nov. 24, 1993) (denying return to transferor district because nothing indicated unforeseeable post-transfer events, sufficiently unusual circumstances, or manifestly erroneous decision from transferor court).

### III. CONCLUSION

For the reasons stated above, the Court recommends that Plaintiff's *Motion to Transfer Venue* be **DENIED**.

**SO RECOMMENDED** on this 2nd day of December, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE