IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKE EMKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1416-O (BH) |
| | § | |
| COMPANA LLC, | § | |
| | § | |
| Defendant. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Order*, filed May 12, 2009, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is Defendant *Compana's Motion to Stay or Alternatively Dismiss* (docket #61, hereinafter "Mot."), filed October 15, 2008. Based on the relevant filings and applicable law, the Court recommends that Defendant's motion be **DENIED**.

## I. BACKGROUND

This case centers on a dispute over who has superior rights to the Internet domain name <servers.com>. Plaintiff Mike Emke ("Emke") alleges that he has owned the rights to the domain name <servers.com> since August 11, 2000, and that he has never expressed any intention to abandon it. Defendant Compana LLC ("Compana") asserts that it registered the domain name <servers.com> with an ICANN- accredited registrar on January 19, 2003, when the domain name became publicly available.

- 1 -

This action is at least the third lawsuit between the parties.[1] On November 29, 2004, this Court dismissed without prejudice a 2003 suit brought Compana. *See Compana v. Emke and Emke & Assocs.*, 3:03-CV-2372-M (N.D. Tex., filed Oct. 10, 2003). Eleven days later, on December 10, 2004, Compana brought a second lawsuit in the 95th Judicial District of Dallas County, Texas, against Emke. (Mot. Ex. A, hereinafter "Texas State Court Action"). In the Texas State Court Action, Compana asserted claims for declaratory judgment, slander of title, and tortious interference with prospective business relations for Emke's allegedly illegal use of the <servers.com> domain name. The Texas State Court Action was removed to this Court, subsequently remanded, and remains pending for adjudication in state court. (*See Compana LLC v. Emke et al.*, 3:05-CV-0285-L; Mot. Ex. A).

The instant action is a 2005 case transferred from the District of Nevada to this Court alleging claims of conversion of personal property and cybersquatting in violation of 15 U.S.C. § 1125(d) against Compana and two other defendants, both of whom were dismissed. (Docket #3, at 11-13 (hereinafter, "Compl."); docket #16, 37, 40). On July 31, 2008, Emke filed a motion to transfer venue back to the Northern District of California or, in the alternative, to the District of Nevada, pursuant to 28 U.S.C. § 1404(a). The District Court denied this motion on the grounds that Emke did not meet his burden to show that the case could have been brought in California and that there were compelling or unusual circumstances warranting return of the case to Nevada. *Emke*, 2009 WL 229965, at *4-5.

While the motion to transfer was pending, on October 15, 2008, Compana filed its motion to stay or dismiss this case pending resolution of the allegedly parallel, first-filed Texas State Court

---

[1] The procedural history of this case is described in detail in *Emke v. Compana LLC*, 2009 WL 229965, at *1-2 (N.D. Tex. Jan. 30, 2009).

Action. (Mot. at 1-4). Emke did not file a response.

On the same day that Compana filed the motion, Emke filed an agreed emergency motion for a stay of the proceedings pending resolution of settlement negotiations. (Docket #62). The District Court denied this motion on the grounds that the parties failed to show good cause because there would be no hardship, unfair prejudice, or inequity in being required to go forward. (Docket #67). In its order, the District Court noted that the case had been pending for more than three years and that some of the arguments, notably that of prejudice, were at odds with those asserted by Plaintiff in the motion to transfer. *Id.*

In late 2008, Emke's attorneys filed motions to withdraw as counsel because Emke had not paid his legal bills in over two years and because Emke refused to cooperate in prosecuting his lawsuit. (Docket #75, 79). After a hearing, at which Emke failed to appear, the District Court granted these motions. (Docket #85). Emke now proceeds *pro se* in this matter.

## II. ANALYSIS

### A. First to File

The Court first considers Compana's argument that Emke's action should be stayed or dismissed based on the first-to-file rule. (Mot. at 6-8).

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule rests on principles of comity and sound judicial administration. *Id.* The first-to-file rule applies only to related actions pending before two federal courts. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

In this case, Compana seeks a stay or dismissal because of the existence of the related Texas State Court Action. Since the present dispute involves related state and federal proceedings, the first-to-file rule does not apply. *See id*. The majority of cases cited by Compana in support of its motion on the grounds of first-to-file are distinguishable because they involve either two federal actions or two state actions. (*See* Mot. at 6-8) (citing *Smith v. S.E.C.*, 129 F.3d 356, 359 (6th Cir. 1997) (two federal actions); *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (same); *Thomas & Betts Corp. v. Hayes*, 222 F.Supp.2d 994, 996 (W.D. Tenn. 2002) (same); *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex. 1991) (two state actions); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (same); *Cleveland v. Ward*, 285 S.W. 1063, 1071 (Tex. 1926) (same)). The only case cited by Compana involving state and federal proceedings is *Brillhart v. Excess Insurance Co. of America*, which established the discretionary power of a federal court to abate an action solely for a declaratory judgment in deference to a related state action. (Mot. at 6) (citing 316 U.S. 491, 495 (1942)). The Fifth Circuit expressly declined to extend the holding of *Brillhart* to actions seeking relief other than a declaratory judgment. *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973). Since Emke's action does not seek relief under the Declaratory Judgment Act, *Brillhart* is inapplicable. *Id*.

For these reasons, the first-to-file rule does not provide a basis to stay or dismiss Emke's action.

**B.**     ***Colorado River* Abstention Doctrine**

The Court next considers Compana's contention that the *Colorado River* abstention doctrine supports stay or dismissal of Emke's action. (Mot. at 8-17).

Abstention is the doctrine under which a federal district court may decline to exercise or

postpone the exercise of its jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). Courts grant abstention when there is a concurrent state proceeding only in "extraordinary and narrow" circumstances based on "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Under the *Colorado River* doctrine, abstention is only appropriate when the following two conditions are met: (1) the state court and federal court proceedings are "parallel" and (2) "exceptional circumstances" exist. *Hodge v. Ampere Automotive Corp*, 2001 WL 1478794, at * 2 (N.D. Tex. Nov. 19, 2001). Whether to stay federal proceedings in light of parallel state litigation is a decision committed to the District Court's discretion. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665 (1978).

Although Emke did not respond to the motion, Compana must still meet its burden to show that the Court should stay or dismiss the action under the *Colorado River* doctrine. *U.S. v. Armstrong*, 784 F.Supp. 356, 360 (N.D. Tex. 1991) (burden is upon the party seeking discretionary stay or dismissal to prove that adequate justification exists for such action). Because both conditions must be met, the Court initially considers whether Compana has shown exceptional circumstances that warrant abstention under *Colorado River*. *See Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 493 (5th Cir. 2006) (declining to determine whether state and federal proceedings are parallel because exceptional circumstances necessary for abstention not present).

**C.      Exceptional Circumstances**

In deciding whether exceptional circumstances justify applying the *Colorado River* doctrine, the Supreme Court has identified six relevant factors: (1) assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–286 (1995). The court made clear that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." 424 U.S. at 818–19. The factors are not to be treated as a "mechanical check list," but instead are to be carefully balanced and applied "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. The weight to give any one factor will vary from case to case, depending on the particular circumstances of the case. *Id.* "The burden is upon the party seeking a discretionary stay or dismissal to prove that an adequate justification exists for such action." *Armstrong*, 784 F.Supp. at 360 (quoting *United States v. Cargill, Inc.*, 508 F.Supp. 734, 748-49 (D.Del. 1981)).

       **1.      Assumption of Jurisdiction over the *Res***

Where federal and state actions involving the same controversy are both proceedings *in rem* or *quasi in rem*, so that the granting of effective relief requires possession or control of the *res*, the court which first assumes jurisdiction acquires exclusive jurisdiction and deprives the other court of power to decide the case. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466

(1939); *Smith v. Humble Oil & Refining Co.*, 425 F.2d 1287, 1288 (5th Cir. 1970); *Alpert v. Riley*, 2008 WL 304742, at *4 (S.D. Tex. Jan 31, 2008) ("[t]he Fifth Circuit treats the *Princess Lida* principle as one of the factors considered under *Colorado River*."). In the context of *quasi in rem* jurisdiction over an intangible such as a corporation or domain name, assumption of jurisdiction entails affirmative steps, such as use of injunctive power or determination of substantive motions. *NBC Universal, Inc. v. NBCUNIVERSAL.COM*, 378 F.Supp.2d 715, 717 (E.D. Va. 2005) (determining that there was no competing jurisdiction over domain name because foreign court had not taken any steps to exercise its jurisdiction); *Weinstock v. Cleary, Gottllieb, Steen & Hamilton*, 815 F.Supp. 127, 129-30, 131 (S.D.N.Y. 1993) (denial of temporary restraining order and rulings on other motions indicated that state court assumed jurisdiction over *res* of ownership of corporation); *Tweel v. Frankel*, 444 F.Supp. 1071, 1076 (D.W.Va. 1978) (state court, through its injunctive powers, had already assumed jurisdiction over corporation).

Compana contends this factor favors abstention because the Texas State Court could exercise jurisdiction over the *res* of this lawsuit (the contractual rights related to the domain name <servers.com>) since the domain name was registered in Texas. (Mot. at 12). This factor, however, asks whether either court has *already* assumed jurisdiction over the *res*, not whether it *could* assert jurisdiction at some time in the future. The only evidence before the court of a state action is Plaintiff's Original Petition filed in state court. (Mot. Ex. A). Compana did not provide any evidence to show that the Texas State Court has taken any meaningful actions to assume jurisdiction over the *res* at issue, such as the use of its injunctive power or determination of any substantive motions. *NBC Universal*, 378 F.Supp.2d at 717; *Weinstock*, 815 F.Supp. at 131; *Tweel*, 444 F.Supp. at 1076. The absence of any state court action stands in stark contrast to this District Court's

numerous rulings on the parties and subject matter involved in this action.  (*See e.g.* docket #37 (motion dismissing defendant), 40 (motion denying summary judgment and judgment on the pleadings), 58 (granting in part and denying in part protective order)).

Given the absence of activity in the Texas State Court action and substantial activity in this Court, the first factor weighs against abstention.

### 2. Relative Inconvenience of the Forums

There is no inconvenience to either party when the state and federal courts are within close proximity to each other.  *Primerica Life Ins. Co. v. Twyman*, 2002 WL 83750, at * 3 (N.D. Tex. Jan 14, 2002) (no inconvenience when two courts are within five city blocks of each other).  Compana concedes that this factor does not warrant abstention.  (Mot. at 14).

### 3. Avoidance of Piecemeal Litigation

Compana contends that its motion should be granted to avoid piecemeal litigation.  (Mot. at 14).  Piecemeal litigation presents a danger of inconsistent rulings affecting property ownership. *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988).  In this case, Compana did not present any evidence of rulings by the state court that might conflict with rulings of this Court.  It therefore did not meet its burden to show a danger of inconsistent state and federal rulings arising from piecemeal litigation.

In this case, the federal and state cases involve essentially the same parties and the same issue.[2]  The two actions are duplicative at most, not piecemeal.  *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994)).

---

[2] In the federal case, there is only one defendant (Compana) and one issue (superior rights to <servers.com>). The Texas State Court Action has one additional plaintiff (Idomain.com), but Emke concedes that he and Idomain.com are so intermingled that they could be considered a single business entity. (Mot. at 10).

While duplicative litigation is discouraged between federal courts, the Supreme Court has held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in federal court." *Colo. River*, 424 U.S. at 817 (citing *McClellan v. Carland,* 217 U.S. 268, 282 (1910)). "The only bar to duplicative litigation is dismissal due to *res judicata*." *Murphy*, 168 F.3d at 738. Even if this case is duplicative of the state action, the Court is not required to consider this factor in making its abstention determination. Accordingly, this factor weighs against abstention.

### 4. Order in Which Jurisdiction was Obtained by the Concurrent Forums

Compana contends that the order in which jurisdiction was obtained and the amount of progress in the Texas State Court Action weigh in favor of abstention because the state court action was filed first. (Mot. at 16).

Courts consider the order in which jurisdiction was obtained and the amount of progress in each court as a single factor. *See Bank One*, *N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002) (stating that priority should not be given exclusively by which complaint was filed first, but rather by how much progress has been made in the two actions); *Colo. River*, 424 U.S. at 820–821 (finding the absence of any proceedings in the federal district court, other than the filing of the complaint, significant in affirming abstention); *Ornelas v. Erapmus Inc.*, 1999 WL 222353, at * 2 (N.D. Tex. Apr. 12, 1999) (stating that the fourth factor tips in favor of abstention because the state court action is further along in pre-trial discovery and mediation than the federal action). For this factor to weigh in favor of abstention, a movant must show not only that the suit in federal court has not progressed, but also that the state action has progressed substantially. *See Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988) (determining that the state proceeding was substantially further along because of extensive discovery in state court); *New Orleans Pub. Serv.*, *Inc. v. The Council*

*of the City of New Orleans*, 911 F.2d 993, 1005 (5th Cir. 1990) (stating that the state proceeding had progressed further than the federal one, since the state court had already rendered judgment on the merits of the sufficiency of the evidence claim); *Melo v. Sewell*, 2005 WL 991600 at *3 (5th Cir. Apr. 21, 2005) (granting abstention because the federal suit had not moved beyond the initial pleading stage, while in the state court there had been extensive discovery and a judgment for dismissal).

In this case, Compana contends that more progress has been made in state court (Mot. at 16), but it did not provide any evidence to support this assertion. (*See* Mot.). In contrast to vague assertions of progress in the Texas State Court Action, substantial progress has been made in the federal action, including progress on discovery and settlement. (*See e.g.* docket #49) (Compana's status report). Thus, although the Texas State Court Action was filed first, Compana has not shown that the Texas State Court Action has progressed substantially. *See Bank One*, 288 F.3d at 185; *Ornelas*, 1999 WL 222353, at * 2. This factor therefore weighs against abstention.

### 5.     Extent to Which Federal Law Provides the Rules of Decision on the Merits

Compana contends that this factor is neutral because the issue of ownership over <servers.com> involves only questions of state law even though this Court has jurisdiction based on both diversity and federal question. (Mot. at 16). Contrary to Compana's argument that this factor is neutral despite federal question jurisdiction, the presence of a federal law issue is a major consideration weighing against surrender of federal jurisdiction. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983)). Since Emke alleges a violation of 15 U.S.C. § 1125, the Anticybersquatting Consumer Protection Act of 1999, this factor weighs against abstention. *Id.*; Compl. at 11, ¶¶75,

76.

### 6. Adequacy of State Proceedings

Finally, Compana contends that the adequacy of the Texas State Court Action weighs in favor of abstention. (Mot. at 16-17). The adequacy of state proceedings in protecting the rights of the party invoking federal jurisdiction, however, can only be "a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193 (explaining that a party still has a right to pursue a claim in the federal forum even if the state court is deemed adequate).[3] Since there is no indication that Emke's interests would not be adequately protected in state court, this factor is neutral. *See id.*

With the exception of the sixth factor considering the adequacy of state proceedings, which is neutral, all of the *Colorado River* factors weigh against abstention. Given that the Court must balance these factors in favor of the exercise of jurisdiction, abstention in this case is inappropriate because Compana did not meet its burden to show that the facts can overcome the "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817; *Armstrong*, 784 F.Supp. at 360 (burden is on movant to show exceptional circumstances).

### III.  CONCLUSION

For the reasons stated above, the Court recommends that Defendant *Compana's Motion to*

---

[3] In contrast to the first four factors, the fifth and sixth factors "were not added as considerations to weigh against retaining jurisdiction," but instead to provide support for retaining jurisdiction. *St. Paul Ins. Co.*, 39 F.3d at 590. Moreover, the task is not for the court to find substantial reasons for exercising jurisdiction; rather, the task is to determine whether exceptional circumstances exist as to "justify the surrender of [federal] jurisdiction." *Moses H. Cone*, 460 U.S. at 25. Disproving the fifth and sixth factors only proves that the state can hear the suit, not that exceptional circumstances exist to stay the federal proceeding. Therefore, there is no inconsistency in application of the factors. The first four factors either weigh for or against abstention, while the fifth and sixth factors either weigh against abstention or have no bearing in the abstention decision.

*Stay or Alternatively Dismiss* (docket #61) be **DENIED**.

**SO RECOMMENDED** on this 3rd day of June, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE